IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

BLAKE SANDLAIN
    Petitioner

Civil No 2:24-CV-12501

Criminal No: 14-CR-20283

Vs.

(FCI) MILAN WARDEN
    Respondent

FILED
NOV 18 2024
CLERK'S OFFICE
DETROIT

MOTION REQUESTING STATUS ON WHETHER
LEAVE OF THE COURT IS GOING TO BE GRANTED
IN THE ABOVE CASE NUMBER

Come Now, Blake Sandlain, Requesting Status on Motion to Grant leave of the Court on Pending 2241 on the docket. In Support of this Request, Petitioner States the following:

BACKGROUND FACTS

Petitioner filed the Pending 2241 without Requesting leave first, because he forgot that he had to Request leave. This honorable Court denied the 2241 without Prejudice, and Petitioner Refiled a motion Requesting leave of the Court, inwhich this Court fail to Rule whether leave will be granted or not. The inordinate delay in this Court to determine whether leave will be granted, is Causing Petitioner to be incarcerated in Violation of Federal law.

## LEGAL AUTHORITY WHY LEAVE SHALL BE GRANTED

Petitioner has put before this Court a Cognizable issue, that the B.O.P. is incarcerating petitioner in violation of the First Step Act of (2018) Statutes 18 U.S.C. 3624(G), and 18 U.S.C. 3632(d)(4)(e) in the present 2241 pending on the docket.

The inordinate delay in this honorable court to grant leave to issue a show cause order, ignoring the fundamental importance of the writ of habeas corpus. Fay V Noia, 372 U.S. 391 (1963)("The Supreme Court has held, the writ of habeas corpus are intended to afford a "Swift and imperative remedy in all cases of illegal restraint or confinement.

## CONCLUSION

The attached memorandum of law is what I have filed with this Court, and it's clearly showing how petitioner is being incarcerated in violation of federal law.

## RELIELF REQUESTED

Petitioner request that leave of the court is granted, and that pursuant to Civil Rule (4) request that Respondents show cause why the 2241 shall not be granted.

Date: October 30, 2024

Blake Sandlain
Blake SANDLAIN #1225008
(FCI) Milan
P.O. Box 1009
Milan, Michigan 48160

## MEMORANDUM OF LAW IN SUPPORT OF
## 2241

As a preliminary matter, Petitioner respectfully request that this Honorable
Court be mindful that pro se pleadings are to be construed liberall.  See,
<u>Haines v. Kerner</u>, 404 U.S. 519 (1972)(Per Curium).


## ISSUE PRESENTED

When the B.O.P. calculated Petitioner's (FSA) credits of ten months, in
addition with the twelve months pursuant to the Second Chance Act and gave
Petitioner a release date of September 10, 2024, to go to the halfway house
but subsequently rescinded that date and reset the date to march 4, 2025,
did that decision violate the mandate of 18 U.S.C.  3624(G)(1)(A), 18 USC
3632(d)(4)(c)?

## BACKGROUND FACTS

On or around June 24, 2024, my halfway house packet was submitted
with a recommendation of ten months of (FSA) credits I earned.  See, (FSA)
Time Credit Assessment Sheet attached as EXHIBIT A.  In addition with the
recommendation of the ten months, Petitioner was also recommended an additional
twelve months pursuant to the Second Chance Act which was granted by the
community corrections manager (CCM) with a release date to the halfway
house of September 19, 2024.  See, Sentencing Monitoring Computation Sheet
(FSA) release date of June 7, 2026. EXHIBIT (B) attached to prove that
the ten months of (FSA) credits, along with the twelve months pursunat
to the Second Chance Act was used to extablish petitioner release date
to the halfway house September 10, 2024.  If you subtract my three hundred
and ten days I earned toward the halfway house from my June 7, 2026 release
date in EXHIBIT (B), that will give you a date of September 2025, and in
addition if you    subtract the twelve months pursuant to the Second Chance

Act from the (FSA) release date of June 7, 2026 in EXHIBIT (B), that'll give you a release date of September 2024 as was approved by the Community Corrections Manager (CCM)for Petitioner to be released to the helfway house on September  10, 2024.

     Subsequently, thereafter on September 4, 2024 case manager Cowan called me into her office and informed me that the community corrections manager (CCM) told her that there's been some bed space difficulties in the halfway house, and that my approved date of September 10, 2024 date to be released to the halfway house has been resinded due to no bed space in the haslfway house, and reset for a release date of March 4, 2025.


## LEGAL AUTHORITY ON WHY THE 2241 SHALL BET GRANTED

Alphonso Woodley v. Warden USP Leavenworth, LEXIS # 87521 (10th Cir. 2024) is instructive in helping this Honorable Court to resolve the same facts occurring in Petitioners case.  In Alphonsowoodley supra, Alphonso filed a 2241 asserting that he had accumulated first step act credits, as well as one year for participating in the Residential Drug Abuse Treatment Program (RDAP) that  mandated him to be placed in the halfway house based on these two calculations, but the BOP refused stating that it was in their discretion to place him in the halfway house, and that bed space prevented placement in the halfway house.

     But the Tenth Circuit answered the federal question on whether the B.O.P. violated federal law pursuant to 18 U.S.C. 3624(g)(i)(A)18 U.S.C. 3632(d)(4)(c) by not transfering petitioner to the halfway house after he had accumlated the  applicable (FSA) credits to be placed in halfway house.  It was determined that no where in 18 U.S.C. 3624(g)(i)(A)18 U.S.C. 3632(d)(4)(c) does a vailability of bed space allows placement in the halfway house discretionary, nor was it discretionary that the B.O.P. could place a inmate in the halfway house once he  accumulated the applicable (FSA) credits to be placed.

The Sixth Circuit case of Arthur s. Weiss v. I Healy Warden, LEXIS# 77574 (6th Cir. 2024) is instructive as well, as the Six Circuit has determined unit team m$\bowtie$ recommend placement in the halfway house based on (FSA) earned timed credits in conjunction with the Second Chance Act (2007), as was used to approve petitioner for a September 10, 2024 placement in the helfway house.

To allow the B.O.P. to recind my already approved September 10, 2024 date to be sent to the halfway house based on there's no bed space, and set my date to March 4, 2025 would be in direct violation of 18 USC, 363Q. And despite the fact of bed space difficulties the halfway house is experiencing, the community corrections manager (CCM) has the option to utilize home confinement policy 7320.01 for extraordinary circumstances like mine, where I've already been given a September 10, 2024 release date.

**PETITIONER WOULD LIKE TO EVOKE THE EXCUSED
EXCEPTION FOR NOT RESOLVING THIS ISSUE THROUGH
THE ADMINISTRATIVE REMEDY PROCESS**

Petitioner assert that he was given the attached BP-8 by counselor Gregory on September 4, 2024, which clearly shows his signature and the date of September 4, 2024 in the upper right hand corner of the BP-8, the date he gave me the BP-8. Since then counselor Gragory has not been back in his office since September 4, 2024 for Petitioner to give him the BP-8 for processing, nor will any other available counselor or unit team process the BP-8 stating I'm not on their case load. See, Sango v. Fleury, 2022 U.S. App. LEXIS 12111 (6th Cir. 2022)("Holding when administrative remedy process is thwarted by administrators that deprives the inmate from taking advantage of the administrative remedy process, the administrative remedy process may be excused").

pg 3

## CONCLUSION

Petitioner assert that jurisdiction to hear this matter is a federal question, whether the B.O.P. is adhering to 18 U.S.C. 3632(b)(4)(c) that mandates the B.O.P. to place inmates in the halfway house or home confinement, when the (FSA) credtis and time given under the Second Chance Act equals up to the (FSA) credits and time given under the Second Chance Act  equals up to the (FSA) Release date.

## RELIEF REQUESTED

GRANT the 2241, and order that petitioner is placed in the halfway house or home confinement consistent with the mandate of 18 U.S.C. 3632A (b)(4)(c) immediately, as petitioner already approved date of September 10, 2024 date to go to the halfway house has passed.  Appoint counsel pursuant to 18 U.S.C. 300(6)(A).


Respectfully submitted,          Date:


Thurs Sept 17 _Blake Sandlain_          _September 19, 2024_
Blake Sandlain ID:12250088
FCI - Milan
P.O. Box 1000
Milan, MI  48160



Blake Sandstrum
NAME
12258098
REG. NO.

FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
MILAN, MICHIGAN 48160

METROPLEX MI 480

13 NOV 2024 PM 3 L

Clerk of the Court
231 West lafayette Blvd
Room A 564
Detroit, Michigan 48226

U.S. MARSHALS

48226-271639