IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN ④

BLAKE SANDLAIN
   Petitioner

Judge: Gershwin A. Drain

Case No: 2:24-cv-12501 GAD-DRG

VS.

Criminal No: 14-20283

UNITED STATES
OF AMERICA
   Respondent

FILED
DEC 03 2024
CLERK'S OFFICE
DETROIT

## MOTION FOR JUDICIAL NOTICE CONCERNING THIS HONORABLE COURT FAILURE HEAR AND DECIDE PETITIONER 2241 WRIT OF HABEAS CORPUS PENDING WITH THE COURTS

Petitioner present this Judicial Notice, and states the following:

### BACKGROUND FACTS

Petitioner presented a Writ of habeas corpus to this Court, which was docketed September 24, 2024.

### LEGAL AUTHORITY OF WHY THIS COURT SHALL COMPEL IT'S SELF TO HEAR AND DECIDE THE PENDING 2241

The Reason why Congress enacted the Return and hearing of

(1)

28 U.S.C. 2243 to issue a Return within three days, and for the Courts to adjudicate the Writ in five days, because of the fundamental importance of the writ. The application for a writ usurps the attention and displaces the calendar of the Judge or Justice who entertains it, and Receives Prompt action from within the four corners of the application. McClellan v Young, 421 F.2d 690 (6th Cir 1970).

This Court has failed to Respect the extraordinary Prestige of the "Great Writ" enacted by the United States Constitution pursuant to Art. 1, 9, cl 2. The writ of habeas corpus written in our Constitution at Art 1, 9, cl 2 is antecedent to statute, and throws it's Roots deep into the genius of our Common Law, which affords a swift and imperative Remedy in all cases of illegal Restraint or Confinement. Fay v Noia, 372 U.S. 391 (1963).

Despite the fact Congress has Recognized the Writ affords a swift and imperative attention by enacting 28 U.S.C 2243 applicable time period of eight days to adjudicate the Writ, Other Courts has Reached the same Conclusions. Van Buskirk v Wilkinson, 216 F.2d 735 (9th Cir 1954) ("Habeas Corpus" is a speedy Remedy, entitled by statute to special, preferential consideration to insure expeditious hearing and determination"). Glynn v Donnelly 470 F.2d 95 (1st Cir 1972) (28 U.S.C. 2243 manifests policy that habeas corpus petitions are to be heard promptly). Plainly, the Courts two Months delay challenging detention, is Reduced to a Sham by this honorable Court disregarding Congress commands pursuant to 28 U.S.C 2243, and the axiomatic Ruling of, Fay v Noia, 372 U.S. 391 (1963).

(2)

Petitioner understand the backlog of writ of habeas petitions filed with this court, because he is personally here at (FCI) Milan seeing the incompetency of unit team not being able to carry out the First Step Act of (2018) process, not following the administrative remedy process, etc.

Under the circumstances of the pending 2241 pending with this court, Petitioner has established a clear and indisputable right to have his petition expeditiously heard and decided. As brought out in the pending 2241, Respondent has violated federal law pursuant to 18 U.S.C. 3624(G), and 18 U.S.C. 3632(d)(4)(c) that mandates them to place Petitioner in PreRelease Custody, but yet has continued to hold Petitioner in F.B.OP Custody when I'm suppose to be in PreRelease Custody.

## RELIEF REQUESTED

Petitioner Request to Civil Rule (4) and pursuant to 28 U.S.C. 2243, Request that a order to show cause is issued to Respondent to show why the Writ shall not enter.

Date: November 27, 2024

Blake Sandlain
Blake Sandlain #12250088
(FCI) McDowell
P.O. Box 1000
Milan, Michigan 48160

(3)

BLAKE Sundlein
NAME
12250088
REG. NO.
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
MILAN, MICHIGAN 48160

METROPLEX MI 480
29 NOV 2024 PM 7 L

Judge: Gershwin A. Drain
U.S. MARSHALS. District Court
231 West Lafayette Blvd.
Room # 564
Detroit, Michigan 48226

48226-271839