No. 24-1878

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 22, 2025
KELLY L. STEPHENS, Clerk

In re:  BLAKE JOSEPH SANDLAIN,               )
                                             )        O R D E R
        Petitioner.                          )


Before:  SUTTON, Chief Judge; BATCHELDER and NALBANDIAN, Circuit Judges.


Blake Joseph Sandlain petitions for a writ of mandamus, asking that we direct the district court to appoint him counsel and adhere to Federal Rule of Civil Procedure 4 by issuing an order requiring Respondents to show cause why Sandlain's petition for a writ of habeas corpus should not be granted.  Sandlain also moves to proceed *in forma pauperis* on appeal.

Mandamus "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'"  *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259–60 (1947)).  Thus, "three conditions must be satisfied before it may issue": (1) Sandlain must "have no other adequate means to attain the relief he desires"; (2) Sandlain's right to a writ must be "clear and indisputable"; and (3) "even if the first two prerequisites have been met, [we], in the exercise of [our] discretion, must be satisfied that the writ is appropriate under the circumstances."  *Id*. at 380–81 (quoting *Kerr v. U.S. Dist. Ct. for N.D. Cal.*, 426 U.S. 394, 403 (1976)).  Here, Sandlain's petition fails at the first condition.  Given that Sandlain's petition was dismissed without prejudice for failure to obtain the district court's permission before filing his petition, Sandlain's adequate alternative remedy was to cure this defect and refile his petition.

No. 24-1878
-2-

Notably, since the filing of this mandamus petition, Sandlain has filed many motions in the district court aimed at obtaining this permission.  He also appears to have filed another mandamus petition, albeit only in the district court.  Therein, he requests that we direct the district judge to hear his habeas petition or, alternatively, adjudicate it in the first instance.

Even if we considered this second petition at this juncture, it would also be denied.  Although the crux of Sandlain's argument is that he should have been released to a halfway house on September 10, 2024, he notes that this transition was rescheduled for March 4, 2025.  Because Sandlain has now been transitioned, this petition is moot.  *Sullivan v. Benningfield*, 920 F.3d 401, 410 (6th Cir. 2019) ("If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give meaningful relief, then the case is moot and must be dismissed." (citation modified)).

Accordingly, the petition is **DENIED**, and the motion is **DENIED AS MOOT**.

ENTERED BY ORDER OF THE COURT

_Kelly L. Stephens_

Kelly L. Stephens, Clerk

**United States Court of Appeals for the Sixth Circuit**

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 08/22/2025.

**Case Name:**   In re: Blake Sandlain
**Case Number:**   24-1878

**Docket Text:**
ORDER filed : The petition [7240296-2] is DENIED, and the motion to proceed in forma pauperis [7253231-2] is DENIED AS MOOT. No mandate to issue;. Jeffrey S. Sutton, Chief Circuit Judge; Alice M. Batchelder, Circuit Judge and John B. Nalbandian, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description:   Order

**Notice will be sent to:**

Mr. Blake Joseph Sandlain
F.C.I. Milan
P.O. Box 1000
Milan, MI 48160

**A copy of this notice will be issued to:**

Ms. Kinikia D. Essix